THE FIRST NATIONAL BANK OF JERSEY CITY

*v.*

RICHARD S. TOBIN et al.

[Decided June 20th, 1919.]

Where a will causes a debt to be a charge upon the lands of a testator, there is an equitable estate in lands created thereby, and the debt not being barred by the statute of limitations at the testator's death, it may be enforced within twenty years from his death against the lands as though it were a legal estate given by will.

On pleadings and proofs.

*Mr. Francis V. Many* and *Mr. Marshall W. Van Winkle,* for the complainant.

*Messrs. Fisk & Fisk* and *Mr. J. Fisher Anderson,* for McPherson & Company, defendant.

*Mr. Robert S. Hudspeth,* for the Union Trust Company of New Jersey, defendant.

*Mr. Theodore Rurode,* for George A. Shannon, defendant.

LEWIS, V. C.

This is a suit instituted by the First National Bank of Jersey City to procure payment to it of a fund of $4,547.43 in the possession of Marshall Van Winkle, as trustee, and which resulted from the sale of certain real estate owned by George F. Schober in his lifetime.

The facts admitted by the pleadings and by stipulations made in open court at the hearing are, that George F. Schober died at Jersey City, September 30th, 1911, leaving a last will and testament, and a widow, Pauline J. Schober. The will was ad-

mitted to probate on October 14th, 1911. At the time of his death he was seized of two parcels of real estate, and was indebted to the partnership of McPherson & Company, which indebtedness was established by judgment obtained on February 8th, 1913, against Pauline J. Schober, as executrix of the deceased, for $12,394.93, damages and costs. Verified proof of claim was served upon the executrix prior to the expiration of any time limited for presenting claims, to which claim no objection was made. The personal estate was insufficient to pay the debts, as shown by the final account of Marshall Van Winkle, substituted administrator with the will annexed, showing a net personal estate to be distributed of $1,590.56. This personal estate has been distributed by Mr. Van Winkle, and McPherson & Company received as its distributive share the sum of $1,156.81. The personal estate of Schober is completely exhausted. The complainant and the Union Trust Company of New Jersey hold numerous judgments against Pauline J. Schober individually, she being indebted to them personally for the amounts of the judgments of those banks. Executions were issued on some or all of the judgments of the complainant, and the Union Trust Company of New Jersey, under which levies were made upon the real estate owned by Schober in his lifetime, the levies being made upon the individual interest of Pauline J. Schober, the executrix of the will, acquired by her as devisee under his will. Such executions were issued on nine of complainant's judgments in 1913, prior to the execution of the trust agreement, and on two of its judgments, in 1918.

It was admitted in open court, by stipulation on the record, "that the judgment of McPherson & Company, recovered against Pauline J. Schober, executrix of the last will and testament of George F. Schober, deceased, was founded on an indebtedness of the said George F. Schober in his lifetime to the said McPherson & Company, which indebtedness was in part for goods sold and delivered, and in part evidenced by five checks to the order of McPherson & Company, signed by the said George F. Schober in his lifetime, and upon which debt for goods sold and delivered, upon which checks evidencing the balance of said indebtedness, judgment was entered against the said Pauline J.

Schober, executrix, in the amount set out in the bill of complaint.

The present conflict is between the complainant and Union Trust Company of New Jersey, a defendant, who hold judgments against Pauline J. Schober individually, on the one side, and McPherson & Company, Tobin & Shannon, and Newton & Company, creditors of Schober at the time of his decease, on the other side, as to whom the funds shall be paid. The First National Bank of Jersey City, and the defendant, Union Trust Company of New Jersey, stand together as judgment creditors of Pauline J. Schober individually, she being personally indebted to them (not the testator). On the other hand, the other defendants were all creditors of the deceased. The question as to the priority as between the claims of McPherson & Company, Newton & Company, and Tobin & Shannon, need not be discussed, because these three defendants have agreed to a *pro rata* distribution of the fund based on the amount of their judgments, in the event that the court decides that the judgments of McPherson & Company, Newton & Company, and Tobin & Shannon should be paid prior to the judgments of complainant and Union Trust Company of New Jersey.

The will of the testator says: "I order and direct that all my just debts and funeral expenses be paid and satisfied as soon as can be conveniently done after my decease."

He then devises and bequeaths everything to his wife, both real and personal, her heirs and assigns forever, and appoints her as sole executrix of the will.

After verified proofs of claim had been served upon the executrix by the defendants who were creditors of the testator, prior to the expiration of the time limited for presenting claims, and to which no objection was made, judgments were obtained against her as executrix by the creditors of the testator. McPherson & Company, of course, admit that by its judgment against her as executrix it acquired no lien upon the real estate of which the testator died seized. *3 Comp. Stat. p. 2955, § 1.*

What became of the personal estate of George F. Schober is not known. Because of the actions of the executrix she was removed, and the substituted administrator was able to collect only the

amount of $1,590.56, which was distributed among the creditors who filed claims.

The widow, Pauline J. Schober, aliened the lands which came to her through her husband's will, but the purchasers refused to consummate the sale and pay the purchase price until the liens created by the judgments referred to were in some way adjusted and disposed of. To accomplish this, on the 23d day of October, 1913, an agreement was entered into between Pauline J. Schober, individually and as executrix under the will of the testator, Richard B. Tobin and George A. Shannon, partners trading as Tobin & Shannon, John A. McClosky, trading as Newton & Company, Edward J. Fox and Simon Frankenstein, surviving partners of the firm of McPherson & Company, and the First National Bank of Jersey City, a corporation, and the Union Trust Company of New Jersey, a corporation, the significant portions of which agreement read as follows:

"Whereas, the said lands and premises hereinbefore described have been sold by the said Pauline J. Schober at public auction. and the title thereto is about to be conveyed by her individually and as executrix to the purchasers thereof. and the purchasers will not accept the conveyance of the said lands and premises unless the same are released from the lien of the said judgments hereinbefore set forth;

"And, whereas, it is considered by the parties hereto that the said prices to be obtained for the sale of the premises aforesaid are adequate, and that it is to the advantage of the parties hereto that said conveyances should be made and that the net purchase-prices received therefrom should be held subject to the same priority and liens so far as judgments herein recited are concerned, and the claims or debts upon which said judgments are recovered, as are the lands hereinbefore described at the date of said conveyance, and to that end and for that purpose the holders of the said judgments have consented to release said lands aforesaid from the lien thereof;

"That the net proceeds of sale when so received by him (Marshall Van Winkle) shall be subject to the same liabilities and priorities as are the lands hereinbefore described at the date hereof, so far as the judgments hereinbefore recited, and the claims or debts on which said judgments were recovered, are concerned. * * *

"That any of the parties hereto may take such proceedings at law or in equity in respect to the net proceeds of sale in the lands of the said trustee as they might now take in respect to the lands hereinbefore described."

CASES IN CHANCERY, 1919. 383

*90 N. J. Eq.* First National Bank of Jersey City *v.* Tobin.

The sale was then consummated and releases given to the purchasers, and the net proceeds of sale deposited with Mr. Van Winkle as trustee, Pauline J. Schober giving deeds which cut off her dower right in the real estate.

The complainant's contention is, that by obtaining judgment against Pauline J. Schober individually on the debt owing by her individually and issuing execution thereon, levy being actually made, that under the law of this state it is entitled to be first paid, even as against actual creditors of the testator, the complainant itself being merely a creditor of the devisee, relying on *Motl* v. *German Hospital,* 55 *N. J. Eq.* 726; *First National Bank of Freehold* v. *Thompson,* 61 *N. J. Eq.* 188; *Lippincott* v. *Smith,* 69 *N. J. Eq.* 787.

The opposing group of creditors, however, contend that they are entitled to be paid first out of the trust fund in the hands of the trustee by virtue (first) of the filing of their claims with the executrix within the time limited for preservation of claims, and which were not objected to; and (second) of the judgments which they respectively obtained against the executrix based on those claims.

They further contend that the effect of the entry of such judgments was merely to establish the claims referred to, but not otherwise affecting the claims as presented to the executrix.

Counsel for the respective parties elaborately and ably presented and discussed a number of questions of the most interesting character as having a bearing upon the controversy between the two classes of claimants to the fund involved; but, laying to one side most of them as being unnecessary to the decision of the main question presented by the record, I think it is sufficient to say that the decisions in this state are clear to the effect that where a will causes a debt to be a charge on the lands of a testator, there is an equitable estate in lands created thereby; and the debt not being barred by limitations at the testator's death, it may be enforced within twenty years from his death against the lands as though it were a legal estate given by the will. *McKinley* v. *Coe,* 66 *N. J. Eq.* 77.

And that, as said by Mr. Justice Depue, speaking for the court of errors and appeals in *Morse* v. *Hackensack Savings Bank, 47 N. J. Eq. 279* (at *p. 286*) : "The charge in the testator's will of his debts upon his estate created a trust which creditors could enforce *ex debito justiciæ* by compelling the executor to execute the trust"

To the like effect are: *Shreve* v. *Shreve, 17 N. J. Eq. 494; Suydam* v. *Voorhees, 58 N. J. Eq. 164; Roll* v. *Roll, 68 N. J. Eq. 229; Hetzel* v. *Hetzel, 74 N. J. Eq. 773.*

I shall, therefore, advise a decree that the fund of $4,547.43 in the hands of Marshall Van Winkle, trustee, be paid to the creditors, McPherson & Company, Tobin & Shannon, and Newton & Company, in accordance with the agreement entered into by them in case they prevailed, and that the bill of the complainant be dismissed.

I will settle the terms of the decree on the application of counsel.